**IN UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| BETA-CALCO INC.<br>25 Kodiak Crescent<br>Toronto, Ontario<br>M3J 3E5<br>Canada<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM LIGHTING, INC.<br>994 Jefferson Street<br>Fall River, MA 02721<br><br>Defendant. | Civil Action No. 3:16-cv-02969<br><br>JUDGE<br><br>**COMPLAINT** |

For its Complaint against Spectrum Lighting, Inc. ("Spectrum"), Beta-Calco Inc. ("Beta-Calco") states as follows:

**THE PARTIES**

1. Beta-Calco is a corporation organized and existing under the laws of the Province of Ontario, Canada, having its principal place of business at 25 Kodiak Crescent, Toronto, Ontario, M3J 3E5, Canada. Beta-Calco is a leader in the design and manufacture of architectural lighting products.

2. On information and belief, Spectrum Lighting, Inc. is a corporation organized and existing under the laws of California, having its principal place of business at 994 Jefferson Street, Fall River, MA 02721.

## JURISDICTION AND VENUE

3. This is a civil action, arising under the patent statutes, 35 U.S.C. § 101 et seq., and in particular 35 U.S.C. §§ 271, 281 and 289, against Spectrum for infringement of United States Design Patent No. D738,558 (the "'558 Patent"). A true and accurate copy of the '558 Patent is attached as Ex. A.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Spectrum because Spectrum has advertised, marketed, distributed or sold infringing merchandise within this district, including to Innovative Lighting Systems, 801 W. South Boundary, Suite A, Perrysburg, OH 43551 and Jack Duffy & Associates, 1894 Georgetown Rd., Hudson, OH 44236.

6. This Court also has personal jurisdiction because Spectrum has engaged in acts or omissions within this district causing injury, has engaged in acts or omissions outside of this district causing injury within this district, has manufactured or distributed products used or consumed within this district in the ordinary course of trade, has entered contracts with residents of this district, or has otherwise made or established contacts, including through Innovative Lighting Systems and Jack Duffy and Associates, with this district sufficient to permit the exercise of personal jurisdiction.

7. This Court also has personal jurisdiction under Ohio's long-arm statute, RC § 2307.382(A), because Spectrum has transacted business in this jurisdiction and contracted to supply goods, including the Infringing Products (as defined below), to parties in this

jurisdiction, including but not limited to Innovative Lighting Systems and Jack Duffy and Associates.

8. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**FACTUAL BACKGROUND**

9. Beta-Calco is engaged in the business of designing, manufacturing and selling lighting products.

10. Beta-Calco is the owner by way of assignment of the '558 Patent entitled LUMINAIRE. The '558 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on September 8, 2015. The '558 Patent is in force and effect and is presumed valid under the U.S. patent laws.

**COUNT I: INFRINGEMENT OF THE '558 PATENT**

11. Beta-Calco incorporates by reference herein the allegations of Paragraphs 1-10 of this Complaint.

12. Upon information and belief, Spectrum has been, and is, directly infringing the '558 Patent by making, using, selling and/or offering for sale a series of products under the name "ESPRESSO," including at least Spectrum's ME1314, ME1314UD, ME1816, ME1314UDLEDGV, ME1816UDLEDGV, ME1314LEDGV, ME1816LEDGV (collectively, "the Infringing Products"). True and accurate copies of specification sheets for the Infringing Products are attached as Exhibit B.

13. A comparison of the light fixture of the '558 Patent and one of the Infringing Products is shown below:

| **The '558 Patent** | **Spectrum's ESPRESSO Pendant** |
|---|---|
|  FIG. 2 |  |

14. As shown in paragraph 13, based on a visual comparison of the pictured design of the '558 Patent and the design of Spectrum's ESPRESSO pendant, an ordinary observer, giving such attention as a purchaser usually gives, would consider the two designs to be substantially the same.

15. On October 25, 2016, Beta-Calco, by way of its counsel, sent a notice of infringement letter to Spectrum, including a copy of the '558 Patent. On information and belief, at least as early as October 26, 2016, Spectrum was aware of the '558 Patent and Beta-Calco's allegation that the ESPRESSO pendants infringe the '558 Patent.

16. Spectrum has knowingly and willfully infringed the ’558 Patent. Spectrum will continue to infringe the ’558 Patent, causing Beta-Calco substantial and irreparable damage, unless enjoined by this Court.

17. Beta-Calco will be greatly, immediately and irreparably harmed unless the Court enjoins Spectrum and its agents, affiliates, servants, employees, attorneys, representatives, and all others acting on their behalf from infringing the ’558 Patent.

18. Beta-Calco has also suffered monetary damages in an amount not yet determined because of Spectrum’s infringement of the ’558 Patent.

## PRAYER FOR RELIEF

Beta-Calco prays for the following relief:

(a) A judgment that Spectrum has infringed the ’558 Patent and continues to do so;

(b) A judgment that Spectrum’s infringement of the ’558 Patent has been willful;

(c) A judgment against Spectrum awarding Beta-Calco damages equal to all revenues and profits derived by Spectrum from Spectrum’s infringement of the ’558 Patent pursuant to 35 U.S.C. § 289;

(d) A judgment against Spectrum awarding Beta-Calco damages suffered pursuant to 35 U.S.C. § 284 on account of Spectrum’s infringement of the ’558 Patent;

(e) A judgment that Beta-Calco’ damages be trebled pursuant to 35 U.S.C. § 284 and that punitive damages be assessed against Spectrum;

(f) A permanent injunction against Spectrum and any entity acting in concert with it, pursuant to 35 U.S.C. § 283, preventing Spectrum and any such entity from infringing the '558 Patent;

(g) A judgment that this is an exceptional case and that Beta-Calco be awarded reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(h) A judgment that Spectrum be directed to pay Beta-Calco its costs incurred herein and such other and further relief as the Court deems just and equitable.

Dated: December 12, 2016

Respectfully submitted,

/s/*Mark C. Johnson*
Mark C. Johnson (0072625)
mjohnson@rennerotto.com
Nicholas J. Gingo (0083684)
ngingo@rennerotto.com
RENNER OTTO
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
P: (216) 621-1113
F: (216) 621-6165

*Attorneys for Beta-Calco, Inc.*